UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JUSTIN WESLEY KENNEDY, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 1:11-CV-202 (CEJ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM**

This matter is before the court on the motion and supplemental motion of Justin Wesley Kennedy to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The United States has filed responses in opposition, and the issues are fully briefed.

**I. Background**

On February 16, 2010, Kennedy pled guilty to conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. § 846. According to the facts he stipulated to in the plea agreement, Kennedy and two others traveled to several stores in Cape Girardeau, Missouri where they purchased pseudoephedrine pills and other items used in manufacturing methamphetamine.

The presentence investigation report revealed that Kennedy had prior state felony convictions for attempted manufacture of methamphetamine, possession of ephedrine with intent to manufacture methamphetamine, and manufacturing a controlled substance. The court determined that Kennedy was a career offender as

defined in U.S.S.G. § 4B1.1(a).[1]  As a result, the advisory sentencing guideline range was 151-188 months, based on a total offense level of 29 and a criminal history category of VI.  Kennedy's attorney did not object to the career offender designation.  However, he filed a sentencing memorandum setting forth reasons justifying a sentence below the guideline range.  At the sentencing hearing, defense counsel again argued for a sentence below the range.  Kennedy was sentenced to a 151-month term of imprisonment.  His appeal of the judgment was dismissed.

## II.  Discussion

In the motion and supplemental motion to vacate, Kennedy asserts claims of ineffective assistance of counsel.  To prevail on an ineffective assistance claim, a movant must show that her attorney's performance fell below an objective standard of reasonableness and that she was prejudiced thereby.  Strickland v. Washington, 466 U.S. 668, 687 (1984). With respect to the first Strickland prong, there exists a strong presumption that counsel's conduct falls within the wide range of professionally reasonable assistance.  Id. at 689.  In Strickland, the Court described the standard for determining an ineffective assistance claim:

> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct.  A convicted defendant making a claim of

---

[1] U.S.S.G. § 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense is either a crime of violence or a controlled substance offense; and he has at least two prior felony convictions for either a crime of violence or a controlled substance offense.
The term "controlled substance offense" is defined as a state or federal felony offense in violation of a law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense.  U.S.S.G. § 4B1.2(a).

> ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. in making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 466 U.S. at 690.

To establish the "prejudice" prong, the movant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The failure to show prejudice is dispositive, and a court need not address the reasonableness of counsel's performance in the absence of prejudice. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996).

### A. **Failure to file motion to suppress**

Kennedy's first ineffective assistance claim is that defense counsel should have filed a pretrial motion to suppress evidence. Kennedy argues that the warrantless search of his vehicle was unlawful and that the evidence seized from the vehicle and all evidence obtained as a result of the unlawful seizure ("fruit of the poisonous tree") should have been suppressed.

Before pleading guilty, Kennedy appeared before a magistrate judge and voluntarily waived his right to file pretrial motions. In light of his waiver, Kennedy

cannot demonstrate that his attorney's failure to file a motion to suppress fell below an objective standard of reasonableness. Further, Kennedy presents no facts supporting his allegation that the stop of his vehicle was pretextual or facts otherwise showing that a motion to suppress evidence would have been successful. Indeed, the facts Kennedy stipulated to in the plea agreement (*i.e.*, the officers' observation of Kennedy and his accomplices purchasing items used for manufacturing methamphetamine) show that there was probable cause for the search of his vehicle. As such, the police were not required to obtain a search warrant. Carroll v. United States, 267 U.S. 132 (1925). *See also* Pennsylvania v. Labron, 518 U.S. 938, 940 (1996) (*per curiam*)("If a car is readily mobile and probable cause exists to believe it contains contraband, the Fourth Amendment thus permits police to search the vehicle without more."). Kennedy's reliance on Arizona v. Gant, 556 U.S. 332 (2009), is misplaced, as the legality of the search in this case does not depend on whether it was incident to a valid arrest. Thus, Kennedy cannot show that he was prejudiced.

### B. **Failure to object to career offender designation**

Kennedy contends that he did not meet the requirements for the career offender designation because he did not have the requisite prior convictions. He argues that his attorney's failure to assert this claim at sentencing constitutes career ineffective assistance of counsel.

U.S.S.G. § 4B1.1(a) provides that a defendant is a career offender if (1) he was at least 18 years old at the time of the instant offense of conviction; (2) the instant offense is either a crime of violence or a controlled substance offense; and he has at least two prior felony convictions for either a crime of violence or a controlled

substance offense. The term "controlled substance offense" is defined as a state or federal felony offense in violation of a law that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance or the possession of a controlled substance with intent to manufacture, import, export, distribute, or dispense. U.S.S.G. § 4B1.2(a). Application Note 1 to the guideline makes clear that the term controlled substance offense includes "the offenses of aiding and abetting, conspiring, and attempting to commit such offenses."

Kennedy first asserts that his state court conviction for possession of ephedrine with intent to distribute does not meet the guideline definition of controlled substance offense. He points to Mo. Rev. Stat. § 195.246, the Missouri statute under which he was convicted, which provides, in relevant part:

> 1. It is unlawful for any person to possess any methamphetamine precursor drug with the intent to manufacture amphetamine, methamphetamine or any of their analogs.
>
> 2. Possession of more than twenty-four grams of any methamphetamine precursor drug or combination of methamphetamine precursor drugs shall be prima facie evidence of intent to violate this section. . . ***

Kennedy argues that because he possessed less than 24 grams of ephedrine, the offense he committed did not involve "intent to manufacture a controlled substance" and should not have been counted as a predicate offense under U.S.S.G. § 4B1.2(a). This argument ignores the plain language of § 195.246.1 which makes it unlawful to possess ephedrine in any amount with intent to manufacture methamphetamine. Subsection 2 of the statute establishes an amount that will constitute *prima facie* evidence of intent to manufacture, but it does not mean that intent to manufacture

cannot be proved when there is a lesser amount. Kennedy's argument rests on his misinterpretation of the Missouri statute.

Kennedy next asserts that his conviction for attempted manufacture of methamphetamine is not a controlled substance offense for purposes of the career offender guideline. As noted above, under the sentencing guidelines an attempt to manufacture a controlled substance falls within the definition of controlled substance offense. U.S.S.G. § 4B1.2, Application Note 1. However, even if Kennedy's assertion were accepted, he still has two prior controlled substance offense convictions that qualify as predicate offenses.[2]

Given these circumstances, Kennedy cannot show that his attorney's failure to object to the career offender designation fell below an objective standard of reasonableness. Further, he cannot demonstrate that such an objection, if made, would have been sustained. Therefore, Kennedy suffered no prejudice.

**III. Conclusion**

For the reasons discussed above, the court concludes that motions and the files and records of this case conclusively show that Kennedy is not entitled to relief under 28 U.S.C. § 2255 based on any of the claims he asserts. Therefore, the motion and supplemental motion will be denied without a hearing. See Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995). Additionally, the court finds that Kennedy has not made a substantial showing of the denial of a constitutional right. Therefore, the court will not issue a certificate of appealability. See 28 U.S.C. § 2253.

---

[2] Because Kennedy has at least two convictions for controlled substances offenses, his argument based on Begay v. United States, 553 U.S. 137 (2008), is moot.

An order consistent with this memorandum opinion will be filed separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 4th day of February, 2015.